UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MARIAN V. BUTCHER,<br><br>Plaintiff,<br><br>v.<br><br>AFSCME COUNCIL 5 and AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES,<br><br>Defendants. | Civil No. 24-1172 (JRT/TNL)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES'S MOTION TO DISMISS** |

---

Marian V. Butcher, 1402 Vinewood Street, Detroit, MI 48216, *pro se* Plaintiff.

Brendan D. Cummins, **CUMMINS & CUMMINS, LLP**, 929 Second Avenue South, Suite 1245, Minneapolis, MN 55402, for Defendant AFSCME Council 5.

Timothy J. Louris, **MILLER O'BRIEN JENSEN, P.A.**, 120 South Sixth Street, Suite 2400, Minneapolis, MN 55402, for Defendant American Federation of State, County, and Municipal Employees.

Plaintiff Marian V. Butcher brings this action against Defendants American Federation of State, County, and Municipal Employees ("AFSCME International") and AFSCME Council 5 ("Council 5"), seeking to remedy alleged discrimination and retaliation based on race and sex under Title VII of the Civil Rights Act of 1964 and the Minnesota Human Rights Act ("MHRA"). AFSCME International has moved to dismiss all claims against it. Because Butcher failed to exhaust her Title VII administrative remedies and to

timely file her MHRA claims, her claims against AFSCME International must be dismissed for procedural deficiencies. Even if Butcher had met the procedural requirements, however, she has failed to state a claim for relief against AFSCME International. Accordingly, the Court will grant AFSCME International's Motion to Dismiss.

## BACKGROUND

### I. FACTS

AFSCME International is an international union headquartered in Washington, D.C., that has individual members, locals, and councils across the United States. (Compl. ¶¶ 2–3, Apr. 3, 2024, Docket No. 1.) Council 5 is one of AFSCME International's local labor councils headquartered in St. Paul, Minnesota. (*Id.* ¶¶ 4–5.)

Butcher, a Black woman, began working at Council 5 in June 2019. (*Id.* ¶¶ 8–9, 13.) During her tenure, she describes seeing, hearing, and experiencing "a number of racist, sexist, bullying and intimidating actions" at Council 5. (*Id.* ¶ 8.) For example, Butcher describes an instance where an employee reported sexual harassment by Council 5's associate director, Tim Henderson. (*Id.* ¶¶ 11, 14.) The sexual harassment committee found the allegations credible and recommended reprimands for Henderson. (*Id.* ¶ 18.) Those reprimand recommendations, however, were allegedly overruled by John Westmoreland, an executive director of Council 5, and the employee that reported the sexual harassment claim was terminated. (*Id.* ¶¶ 14, 19–20.)

In another instance, Butcher alleges that a European-American woman was hired over a qualified African American woman, despite the fact that a multi-racial hiring committee, which conducted the first round of interviews, indicated an interest in hiring the African American woman. (*Id.* ¶¶ 22–28.) Butcher alleges that an all-white executive staff, which included Westmoreland, conducted the second round of interviews, and decided not to hire the African American woman. (*Id.* ¶ 28.)

Butcher "fel[t] compelled to do something" about the reported racism and sexual harassment at Council 5. (*Id.* ¶ 13.) She began speaking with coworkers, asking "tough questions," and speaking out at meetings, especially in regard to the non-hire of the African American woman described above. (*Id.* ¶¶ 29–30.) Butcher also contacted members of Council 5's Executive Board to "expose the toxic culture at Council 5 and catalyze some positive change." (*Id.* ¶¶ 32–33.)

Her efforts to speak out, however, were met with resistance. (*E.g.*, *id.* ¶ 31.) After about two months on the job, Butcher was called into an "investigation" regarding her role in the "non-hire situation," primarily her contacting members of the Executive Board, and was terminated. (*Id.* ¶¶ 33[1]–36.) Butcher remains unaware of any complaints regarding her work, citing only positive performance reviews, and alleges that any non-

---

[1] Butcher numbers two paragraphs in her Complaint as paragraph 33. (*See* Compl. at 7.) This particular citation to paragraph 33 references the second paragraph that is labeled as paragraph 33.

discriminatory reasons for her termination are not supported by the facts. (*Id.* ¶¶ 8, 37, 44–55.)

Shortly after her termination, Butcher sent an open letter to Council 5's Executive Board "describing the race and sex discrimination she had witnessed at Council 5." (*Id.* ¶ 38.) Around this time, Butcher was informed that AFSCME International had launched an investigation into Henderson and Westmoreland. (*Id.* ¶ 39.) Henderson and Westmoreland allegedly resigned from Council 5 in September 2019, but within weeks Westmoreland was allegedly re-employed by AFSCME International. (*Id.* ¶¶ 42, 59.)

In September 2019, Butcher filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against Council 5. (*Id.* ¶ 78.) The EEOC invited Council 5 to participate in conciliation efforts with Butcher after finding "reasonable cause to believe [Council 5] discriminated against [Butcher] in retaliation for engaging in protected activity when it discharged her in violation of Title VII." (*Id.* Ex. 1 at 1.) After conciliation was unsuccessful, the EEOC issued a letter on January 4, 2024, informing Butcher that it was declining to bring an action on her behalf and giving notice of her right to sue. (*Id.* at 3.)

II.     **PROCEDURAL HISTORY**

Butcher filed the instant action in the District of Minnesota on April 3, 2024, alleging race and sex discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the MHRA. (*See* Compl.) AFSCME

International filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. Dismiss, July 19, 2024, Docket No. 15.) Council 5 did not join the Motion to Dismiss.

Butcher twice requested extensions of time to file a response to the Motion to Dismiss, which the Court granted. (Order on Mot. for Extension, Aug. 15, 2024, Docket No. 26; Order Granting Mot. for Extension, Sept. 24, 2024, Docket No. 28.) To date, Butcher has not filed a response. Accordingly, the Court issued a notice that it would hear the Motion to Dismiss on the papers submitted, without a hearing. (Notice, Nov. 6, 2024, Docket No. 29.)

## DISCUSSION

### I.  STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff,

it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, "pro se litigants are not excused from failing to comply with substantive or procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).  The EEOC charge and right to sue letter are public records embraced by the pleadings.  *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011).

## II.   AFSCME INTERNATIONAL'S MOTION TO DISMISS

AFSCME International challenges Butcher's Complaint on two main grounds.  First, that Butcher failed to exhaust the administrative remedies for her Title VII claims and that her MHRA claims are time-barred.  Second, that the Complaint fails to state a claim for relief under Title VII or the MHRA against AFSCME International.  The Court will consider each in turn.

### A.    Procedural Deficiencies

AFSCME International first argues that Butcher's claims fail on procedural grounds, contending that Butcher failed to exhaust her Title VII administrative remedies and failed to timely file her MHRA claims.

Butcher asserts a Title VII action against AFSCME International, but she never filed a charge against AFSCME International with the EEOC.  Before bringing a Title VII action alleging unlawful discrimination, a plaintiff must file a timely charge with the EEOC or a state or local agency with the authority to grant or seek relief from the alleged discriminatory act.  42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp v. Morgan*, 536 U.S. 101, 109 (2002).  This procedural requirement "provide[s] the EEOC the first opportunity to investigate discriminatory practices and enable[s] it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts."  *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 898 (8th Cir. 2024) (quotation omitted).

Butcher filed a charge with the EEOC against Council 5, but she did not file a charge with the EEOC against AFSCME International.  What's more, the EEOC determination and right to sue letter are addressed to Council 5 only, and AFSCME International is absent from any EEOC proceedings referenced in the Complaint.  Butcher has provided no indication that she exhausted her administrative remedies as to AFSCME International, so her claims under Title VII against AFSCME International should be dismissed.

In some cases, however, an exception to the EEOC charge rule is recognized when a named party in an EEOC charge shares "substantial identity" with an unnamed party.

*Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985).  Indeed, "[t]he filing of an EEOC charge is unnecessary where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance."  *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985).  Substantial identity can exist when entities constitute a "single employer."  *Sedlacek*, 752 F.2d at 336 (internal quotation marks omitted).  Factors that courts consider in determining whether entities constitute a single employer include the interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control.  *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 392 (8th Cir. 1977).

Here, Butcher has alleged no such circumstances.  Indeed, Butcher alleges specific conduct by Council 5 without any indication that AFSCME International's relationship with Council 5 amounts to substantial identity—especially in the employment decision-making context.  Nothing in the Complaint suggests that AFSCME International played a role in staffing, employee discipline, or daily management at Council 5.  For example, the Complaint states that Council 5 employed and fired Butcher without any involvement by AFSCME International.  Further, Butcher does not allege that AFSCME International and Council 5 have interrelated operations or common management.  *Cf. Wickenhauser v. Edward D. Jones & Co.*, 953 F. Supp. 286, 288–90 (E.D. Mo. 1996) (finding plausible substantial identity between named limited partnership and unnamed defendant, which

was sole general partner of the limited partnership); *Whitney v. Franklin Gen. Hosp.*, 995 F. Supp. 2d 917, 929–30 (N.D. Iowa 2014) (finding plausible substantial identity between named defendant and unnamed defendants that "managed and were doing business as" the named defendant). Accordingly, Butcher has not alleged sufficient facts to apply the substantial identity exception to the EEOC charge rule.

An EEOC charge against AFSCME International needed to be filed within 300 days of the alleged "unlawful employment practice," so any attempt by Butcher to cure these administrative deficiencies is time-barred. *Ringhofer*, 102 F.4th at 898. Accordingly, the Court must dismiss the Title VII claims against AFSCME International with prejudice, which means that Butcher cannot refile her Title VII claims against AFSCME International.

To the extent that Butcher's Complaint also pleads MHRA claims against AFSCME International, the Court finds that these claims must also be dismissed because they are time-barred. MHRA claims of an unfair discriminatory practice must be filed "within one year after the occurrence of the practice." Minn. Stat. § 363A.28, Subd. 3. Butcher filed the instant action in the District of Minnesota on March 3, 2024, more than four years after the alleged discriminatory acts occurred in 2019. While there are exceptions to the statute of limitations, including the continuing violation doctrine, Butcher has not alleged facts suggesting that such an exception would apply. *See Taxi Connection v. Dakota & E. R.R. Corp.*, 513 F.3d 823, 825 (8th Cir. 2008) (explaining that the continuing violation doctrine "does not encompass discrete discriminatory acts, such as termination").

Because the MHRA claims against AFSCME International are time-barred, the Court will dismiss them with prejudice, which means that Butcher cannot refile her MHRA claims against AFSCME International. *See Radcliffe v. Securian Fin. Grp., Inc.*, 906 F. Supp. 2d 874, 888–91, 896–97 (D. Minn. 2012) (dismissing claims that fell outside the statute of limitations).

B.     **Failure to State a Claim**

AFSCME International next argues that, even if Butcher had met the procedural requirements, she has failed to state a claim for relief under Title VII or the MHRA against AFSCME International.

Title VII and the MHRA prohibit employers from discriminating against any individual on the basis of certain discrete classifications, including race and sex.[2] 42 U.S.C. § 2000e-2(a); Minn. Stat. §363A.08, subd. 2. Both statutes also prohibit retaliation or reprisal against individuals who oppose discriminatory practices. 42 U.S.C. § 2000e-3(a); Minn. Stat. § 363A.15. A labor organization, like AFSCME International, can be liable if it discriminates against an individual as the employer itself or "causes or attempts to cause an employer to discriminate against an individual." 42 U.S.C. § 2000e-2(c)(3); *see also id.* § 2000e-2(a); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 832 (8th Cir. 2002)

---

[2] Because discrimination, hostile work environment, and retaliation claims under Title VII and the MHRA are "governed by the same standards," the Court will analyze the Title VII and MHRA claims together. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1015 n.3 (8th Cir. 2011).

(explaining that a labor organization can be liable for an employer's discrimination if it causes or attempts to cause the employer to discriminate).

Here, Butcher alleges that Council 5, not AFSCME International, was her employer. Not only that, but she only alleges discrimination, hostile work environment, and retaliation by Council 5, not AFSCME International. AFSCME International, then, could only be liable if "the union itself instigated or actively supported the discriminatory acts." *Eliserio v. United Steelworkers of Am. Loc. 310*, 398 F.3d 1071, 1076–77 (8th Cir. 2005) (cleaned up).

Butcher has not met her pleading burden. She alleges that, as the parent union, AFSCME International should have intervened or done more to address the alleged discrimination, hostile work environment, and retaliation committed by Council 5. While AFSCME International's investigation led to the resignations of Henderson and Westmoreland, Butcher alleges that the parent union did not solve the "deeper problems" by "merely excising the two at the top, however key they were." (Compl. ¶ 56 (cleaned up).) Further, Butcher alleges, AFSCME International in effect supported the alleged discrimination by re-employing Westmoreland after he resigned from Council 5.

Notwithstanding Butcher's dissatisfaction with AFSCME International's response, unions have no "affirmative duty to investigate and take steps to remedy employer discrimination." *Thorn*, 305 F.3d at 832. In effect, Butcher's allegations amount to the "non-actionable passive acquiescence" by unions that the Eighth Circuit has found

-11-

insufficient to constitute active support for employer discrimination. *Id.* at 833. Moreover, AFSCME International's investigation of alleged race and sex discrimination at Council 5 contradicts the argument that AFSCME International was instigating or actively supporting Council 5's discriminatory acts.

Furthermore, Butcher has failed to allege any agency relationship between Council 5 and AFSCME International. An international union can be liable for a local union's discrimination under agency principles if the local affiliate was acting as the parent union's agent. *Id.* at 833–34; *see also Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 216–18 (1979) (finding international union not liable for local union's strikes where international union did not instigate, support, ratify, or encourage the strikes). But Butcher has not alleged sufficient facts suggesting that Council 5 was acting as AFSCME International's agent.

Because Butcher has failed to allege facts indicating that AFSCME International is liable for the alleged discriminatory acts of her employer, Council 5, she has failed to state a claim for relief under Title VII or the MHRA against AFSCME International. Therefore, even if Butcher's Complaint did not suffer from the procedural deficiencies described above, her claims against AFSCME International must be dismissed on the merits as well.

## CONCLUSION

Butcher's failure to exhaust the administrative remedies under Title VII or to timely file her claims under the MHRA are fatal to her Complaint. Moreover, Butcher has failed

to allege facts indicating that AFSCME International is liable for the alleged discriminatory acts of her employer, Council 5, and has therefore failed to state a claim for relief against AFSCME International. Accordingly, her claims against AFSCME International must be dismissed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant American Federation of State, County, and Municipal Employees's Motion to Dismiss [Docket No. 15] is **GRANTED** and all claims against AFSCME International are **DISMISSED WITH PREJUDICE**.

DATED: March 7, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge